UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**VERNON BRET PADGETT**,

          Plaintiff,

        v.

**THOMAS J. VILSACK** et al.,

          Defendants.

Case No. 24-cv-02954 (CRC)

## OPINION

Plaintiff Vernon Padgett sought a permit from the Animal and Plant Health Inspection Service to import approximately 80 red-bellied fruit doves and long-tailed mynas from the Solomon Islands to the United States.  The birds would arrive at Los Angeles and continue to Miami, where they would be inspected.  Federal regulations, however, require birds to be inspected at their first port of entry into the United States.  Because the agency does not have any bird inspection facilities in Los Angeles, it denied Padgett an import permit.  Padgett moved for a preliminary injunction from this Court, arguing that the denial was arbitrary and capricious.  The Court denied that motion, and the government has now moved to dismiss Padgett's complaint for lack of subject matter jurisdiction and failure to state a claim.  The Court will dismiss this case for mootness.

**I. Background**

    A. Legal Background

The Department of Agriculture regulates the importation of birds into the United States. It requires importers to obtain a permit from the Animal and Plant Health Inspection Service ("APHIS").  9 C.F.R. §§ 93.101, 93.103.  APHIS requires birds to be quarantined at or near their first port of entry into the United States for at least 30 days and inspected for potential diseases.

Id. §§ 93.105(a), 93.106(a).  APHIS operates quarantine and inspection facilities in New York and Miami.  Decl. of Dr. Brianna W. Schur ("Shur Decl.") ¶ 26.  APHIS previously operated similar facilities in Los Angeles but closed them in 2016.  Am. Compl. ¶ 18.

 B. Factual Background

  Vernon Padgett "owns and operates a small business that imports live birds for commercial, conservational, and zoological purposes[.]"  Am. Compl. ¶ 1.  In September 2024, Padgett applied for a permit from APHIS to import about 80 birds from the Solomon Islands to the United States.  Schur Decl. ¶ 37; PI Mot. Ex. P-4 (permit application).  The application specified that the birds would enter the United States via Los Angeles International Airport before being shipped on a connecting flight to Miami, where they would be held for quarantine and inspection at an APHIS facility.  PI Mot. Ex. P-4.

  APHIS informed Padgett that it would deny his application unless he routed the shipment such that the birds could be quarantined and inspected at their first port of entry into the United States.  Schur Decl. ¶ 38.  Padgett declined to do so, and the agency denied him a permit.  Am. Compl. ¶¶ 23–24; Schur Decl. ¶¶ 39–41.

  Padgett then sued APHIS in this Court and moved for a preliminary injunction directing the agency to issue the permit.  The Court denied Padgett's motion.  Padgett v. Vilsack, No. 24-cv-2954 (CRC), 2024 WL 5283897, at *6 (D.D.C. Nov. 8, 2024).  About two months later, Padgett filed an Amended Complaint which alleged that all 80 birds he originally planned to import have either died or been set free.  Am. Compl. ¶ 25.

**II. Legal Standard**

  A motion to dismiss as moot "is properly brought under Rule 12(b)(1) because mootness itself deprives the court of jurisdiction."  Indian River Cnty. v. Rogoff, 254 F. Supp. 3d 15, 18

(D.D.C. 2017).  Under Rule 12(b)(1), the plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence.  See Lujan v. Defs. of Wildlife, 504 U.S. 555, 561 (1992).  "[T]he Court must treat the complaint's factual allegations as true," but has "an affirmative obligation to ensure that it is acting within the scope of its jurisdictional authority."  Delta Air Lines, Inc. v. Exp.-Imp. Bank of United States, 85 F. Supp. 3d 250, 259 (D.D.C. 2015) (cleaned up).  A court therefore "may consider materials outside the pleadings in deciding whether to grant a motion to dismiss for lack of jurisdiction."  Id. (quoting Jerome Stevens Pharms., Inc. v. FDA, 402 F.3d 1249, 1253 (D.C. Cir. 2005)).

### III. Analysis

At the outset, the Court finds that Padgett had standing when he filed this lawsuit.  Standing is ordinarily assessed based on the facts at the time of filing.  Defs. of Wildlife, 504 U.S. at 569 n.4.  The plaintiff must show "(1) an injury in fact, (2) a sufficient causal connection between the injury and the conduct complained of, and (3) a likelihood that the injury will be redressed by a favorable decision."  Susan B. Anthony List v. Driehaus, 573 U.S. 149, 157–58 (2014) (cleaned up).  Those elements were satisfied when Padgett filed this case because he wished to import birds through Los Angeles, APHIS denied him a permit, and a favorable decision would have vacated that denial.

The government asserts that Padgett now lacks standing based on his Amended Complaint.  See Mot. to Dismiss at 5.  Rather than decide whether Padgett's standing must be reassessed after amendment, the Court will address the issues the government raises under the mootness framework.  The Court may determine mootness before standing "because the former question, like the latter, goes to the Article III jurisdiction of this Court . . . , not to the merits of the case."  Arizonans for Off. Eng. v. Arizona, 520 U.S. 43, 67 (1997).

A case becomes moot "when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." Larsen v. U.S. Navy, 525 F.3d 1, 3 (D.C. Cir. 2008) (quoting Cnty. of Los Angeles v. Davis, 440 U.S. 625, 631 (1979)). A party may lack a legally cognizable interest in the outcome when "intervening events make it impossible to grant the prevailing party effective relief." See Lemon v. Geren, 514 F.3d 1312, 1315 (D.C. Cir. 2008) (quoting Burlington N. R.R. Co. v. Surface Transp. Bd., 75 F.3d 685, 688 (D.C. Cir. 1996)).

Here, Padgett no longer has a cognizable interest in the outcome of this case. The 80 birds that Padgett sought to import, and were the subject of Padgett's original complaint, have all since died or been set free. Am. Compl. ¶ 25. The Court therefore cannot grant relief as to those 80 birds.

To keep the case aloft, Padgett argues that it falls under the capable of repetition, yet evading review exception to mootness. Padgett Opp'n at 2. The capable-of-repetition exception applies only in "exceptional situations," City of Los Angeles v. Lyons, 461 U.S. 95, 109 (1983), where "(1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." FEC v. Wisconsin Right to Life, Inc., 551 U.S. 449, 462 (2007); Spencer v. Kemna, 523 U.S. 1, 18 (1998). Padgett must allege sufficient facts to meet both prongs. See Lyons, 461 U.S. at 109; Spencer, 523 U.S. at 18. Padgett falls short for two reasons.

First, Padgett's Amended Complaint does not allege sufficient facts to invoke this exception, and he failed to submit any additional materials. Because mootness is a Rule 12(b)(1) issue, the Court may "consider materials outside the pleadings." Delta Air Lines, 85 F. Supp. 3d at 259. Padgett therefore could have submitted a declaration or filed a verified complaint, but

did not. Instead, Padgett alleges only in his opposition to the government's motion, but not his Amended Complaint, that he has a "repeated necessity to use LAX airport[.]" Padgett Opp'n at 2. "It is well settled that a party cannot amend [its] complaint through motions briefing." Sinha v. Blinken, No. 20-cv-2814 (DLF), 2021 WL 4476749, at *3 (D.D.C. Sept. 30, 2021) (citing Durand v. District of Columbia, 38 F. Supp. 3d 119, 129 (D.D.C. 2014)). As a result, Padgett's belated attempt to demonstrate that this exception applies doesn't fly.

Second, even if the Court were to look past Padgett's error, he still has not alleged enough facts to avoid dismissal. As to the exception's first prong, Padgett has not explained why any birds he intends to import in the future would die before any challenge to a permit denial could be fully litigated. As to the second prong, Padgett has not provided enough to demonstrate an issue of "sufficient immediacy and reality[.]" See Lyons, 461 U.S. at 104. Merely asserting a "repeated necessity to use LAX airport," Padgett Opp'n at 2, without describing any concrete plans to actually do so in the future, "does not create the actual controversy that must exist" for this prong, Lyons, 461 U.S. at 104. Without more from Padgett, the Court finds that this case does not fall under the capable of repetition, yet evading review exception to mootness.

## IV. Conclusion

Padgett's claims are moot and he has not shown that his claims fall under any exception to mootness. The Court therefore will grant the government's motion to dismiss. A separate Order accompanies this Opinion.

 

CHRISTOPHER R. COOPER  
United States District Judge

Date: June 18, 2025

5